IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 4, 2012 Session

## CONNIE LOU JOLLEY v. RONALD VAN JOLLEY

**Appeal from the Chancery Court for White County**
**No. 10064      Ronald Thurman, Chancellor**

**No. M2011-02550-COA-R3-CV - Filed January 31, 2013**

In this divorce proceeding, Husband appeals the trial court's determination that, pursuant to the unclean hands doctrine, he is not entitled to proceeds of property sold in a partition action. Finding no error, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

Howard L. Upchurch, Pikeville, Tennessee, for the appellant, Ronald Van Jolley.

William A. Cameron, Cookeville, Tennessee, for the appellee, Connie Lou Jolley.

## OPINION

### FACTS AND PROCEDURAL HISTORY

Connie Lou Jolley ("Wife") and Ronald Van Jolley ("Husband") were married on November 21, 1981. The parties separated after twenty-eight years of marriage, and Wife filed a complaint for divorce on March 11, 2010. Husband answered and filed a counter-complaint for divorce on March 22, 2010.

Of particular interest in this appeal is a piece of property the parties owned with Joe Goines in Dekalb County, Tennessee ("the Dekalb County property"). On August 18, 2010, Husband quitclaimed his one-half interest in the Dekalb County property to his sister and brother-in-law, Patricia McBride and Clifford McBride. On November 3, 2010, Joe Goines filed a partition suit in Dekalb County naming Husband and Wife as owners of the property.

On January 1, 2011, Wife filed a "Petition" in the divorce action alleging that Husband "sold and/or transferred approximately 33.91 acres located in Dekalb County, Tennessee without [Wife's] approval which is a direct violation of Tennessee Code Annotated § 36-4-106."[1] Wife requested the court to award her the proceeds from the sale of the Dekalb County property. On January 21, 2011, the trial court entered a show cause order charging Husband with criminal contempt.

On April 4, 2011, the parties engaged in a judicial settlement conference and reached an agreement in the divorce proceeding. On April 18, 2011, the trial court entered a hand-written Consent Decree in which the parties resolved issues related to their personal and real property as follows:

> 1) [Wife] to receive Turntable Road house and pay [Husband] $40,000. Wife to assume debt on house. Husband to vacate within 30 days of entry of decree, and Wife will pay $40,000 within 15 days after Husband vacates.
> 2) Wife to receive TCRS retirement, free of Husband's claim.
> 3) Wife to receive her Bethlehem Road property (house & 15 acres) she obtained from her father, and assume any debt associated with this property.
> 4) Wife to receive her Mercury SUV and pay any debt associated therewith.
> 5) Wife to receive furnishings identified on attached list (Ex #A).
> 6) Husband to receive balance of assets . . .

The decree also stated, "[t]he Orders of Protection existing and issued against each party are dismissed and held for naught . . ." and "[a]ll pending motions/petitions for contempt are dismissed." The decree did not specifically mention the Dekalb County property or the proceeds from the sale.

On April 28, 2011, a hearing was held in the partition action and, on May 26, 2011, the Dekalb County Chancery Court entered an Order dismissing Husband from the action because he "has averred in his Answer to the Complaint that he has no interest whatsoever

---

[1] Tennessee Code Annotated § 36-4-106(d) lists several temporary injunctions which commence upon the filing of a complaint for divorce including the following:

> (1)(A) An injunction restraining and enjoining both parties from transferring, assigning, borrowing against, concealing or in any way dissipating or disposing, without the consent of the other party or an order of the court, of any marital property. Nothing herein is intended to preclude either of the parties from seeking broader injunctive relief from the court.

Tenn. Code Ann. § 36-4-106(d)(1)(A).

in the subject property." The court ordered the property to be sold by public auction within 120 days from the entry of the order. The order further directed the parties to return to court for a hearing after the sale of the property to "determine the parties' respective shares and interest and how the proceeds will be distributed."

On May 11, 2011, the clerk and master sent a letter to the attorneys for Husband and Wife advising them to submit proposed final decrees of divorce for the chancellor to sign or, if unable to do so, to appear before the chancellor on May 27. Wife's attorney submitted a proposed final decree on May 23, 2011. On May 27, 2011, Husband filed an objection to the entry of Wife's proposed final decree alleging that Wife had "asserted an interest in real property located in DeKalb County, Tennessee and subject to partition litigation styled Joe Goines, et al, Plaintiffs, v. Clifford McBride, et al, Defendants, No. 2010-118, in violation of the Consent Decree executed by the parties." Husband alleged that Wife appeared at a hearing conducted in the *Goines* litigation and "asserted a right in and to the real property or the sale's proceeds to be generated from the partition sale of the property." Husband did not appear before the Chancellor and, on May 27, 2011, the Chancellor entered the final decree of divorce proposed by Wife.

On June 6, 2011, Husband filed a motion to set aside the final decree of divorce pursuant to Tenn. R. Civ. P. 60.02 asserting that the parties' interest in the Dekalb County property, if any, was transferred to him by the terms of the Consent Decree. The court held a hearing on Husband's motion on September 30, 2011 and entered an order on October 24, denying Husband's motion to set aside the final decree. The order includes the following findings:

> [Husband] took a diametrically opposed position in the . . . [p]artition suit than in the divorce action and that he deliberately violated Tennessee Code Annotated § 36-4-106 and that he comes to the Court with unclean hands and therefore, the Court does not find that he is entitled to relief from the original judgment. . . . The court further found that there was no ambiguity in the orders and that proceeds from the partition property was [Wife's] separate property and was not marital property. The Court further found that when he transferred his interest in the property to the McBrides he committed a contemptible charge based upon statute and would not be permitted to come back and claim an interest in that property. The Court finds that he has waived any interest he would have and does not petition the Court with clean hands.

Husband filed a notice of appeal. The trial court entered a statement of the evidence in accordance with Tenn. R. App. P. 24(e) on February 21, 2012.

ANALYSIS

Husband first argues that the trial court erred in entering Wife's proposed final decree of divorce without holding a hearing on Husband's objection to the entry of the same. Specifically, Husband contends, "[t]he trial court was without authority to enter the Final Decree, absent the signature of both parties and/or the resolution of the objections raised by [Husband] after a proper hearing conducted by the Court."

Local Rule of Chancery Practice 14.01(c) entitled "Preparation and Submission of Orders and Judgments" governs the procedure in this scenario and states:

> (c) Orders in contested matters containing the signatures of less than all parties or their attorneys shall be submitted to the Clerk of the county in which the action is filed within ten (10) days from the date of the Court's decision and the same shall not be entered immediately, but will be held by the Clerk for five (5) days. When opposing counsel or party receives a copy of a proposed order, he or she shall notify the Clerk immediately of any objection to the same. If the Clerk receives no objection within the five (5) day period, the order will be submitted to the Court for signature. When there is a disagreement as to the terms of the order, each party may lodge a proposed order with the Clerk of the county.

Tenn. 13th J. Dist. Ch. Ct. R. § 14.01. Wife filed a proposed decree on May 23, 2011. Husband filed his objection four days later on May 27, 2011 at 9:20 a.m., and the trial court entered Wife's proposed decree on that same day at 2:00 p.m. Local Rule 14.01 does not require a hearing on an objection to a proposed order; it merely allows for the filing of an objection or for the filing of a competing proposed final decree for consideration by the court. We find no error in the trial court's entry of Wife's proposed final decree.

Next, Husband contends the trial court erred in denying his motion to set aside the final decree of divorce and awarding the partition proceeds from the sale of the Dekalb County property to Wife in contravention of the consent decree and final decree of divorce.

Neither the consent decree nor the final decree of divorce explicitly mentions the Dekalb County property. However, Husband asserts that the Dekalb County property is marital property and should be transferred to him under paragraph seven[2] of the consent

---

[2] Paragraph seven of the consent decree states, in relevant part: "Husband to receive balance of assets . . . ."

decree and section XII, paragraph two[3] of the final decree of divorce.  The trial court declined to award Husband any proceeds related to the Dekalb County property because Husband "took a diametrically opposed position" in the partition action and he "had unclean hands by his misconduct and actions and should be estopped after the fact to obtain an interest in the property subject to the partition suit in Dekalb County."  We agree with the trial court.

The doctrine of "unclean hands" is a tenet of courts of equity based on the principles that "he who seeks equity must do equity and that he who has done inequity cannot have equity."  *In re Estate of Boote*, 265 S.W.3d 402, 417 (Tenn. Ct. App. 2007) (citing *Tuck v. Payne*, 17 S.W.2d 8, 9 (Tenn. 1929)).  The doctrine "enables a court to prevent a party from profiting from her own misconduct." *Emmit v. Emmit*, 174 S.W.3d 248, 253 (Tenn. Ct. App. 2005) (citing *McCallie v. McCallie*, 719 S.W.2d 150, 154 (Tenn. Ct. App. 1986)).  "Decisions regarding the proper application of the doctrine of unclean hands are heavily fact-dependent and are addressed to the considerable discretion of the trial court." *In re Estate of Boote*, 265 S.W.3d at 418.

Here, the trial court recognized Husband's misconduct in transferring his interest in the Dekalb County property to his sister and brother-in-law after Wife filed the complaint for divorce, in violation of the injunctions at Tenn. Code Ann. § 36-4-106(d)(1)(A).  The quitclaim deed, signed by Husband on August 18, 2010,  stated, in pertinent part:

> For and in consideration of the sum of Ten Dollars and no/100 ($10.00), the receipt of which is hereby acknowledged, I, Ronald V. Jolley, do hereby demise, release and forever quitclaim unto CLIFFORD McBRIDE and wife, PATRICIA McBRIDE, their heirs and assigns, my one-half (½) undivided interest in and to the following described property, situated in the Sixth Civil District of Dekalb County, Tennessee . . . .

Because Husband transferred the Dekalb County property in violation of Tenn. Code Ann. § 36-4-106(d), the trial court did not abuse its discretion in finding the unclean hands doctrine should prevent Husband from asserting an interest in the property under the catch-all

---

[3]  Section XII, paragraph two of the final decree of divorce states:

In accordance with the parties' Consent Decree entered into between the parties on or about April 14, 2011 before the Honorable John Maddux, Settlement Judge, the husband shall, by agreement, receive the balance of the parties' assets not specifically identified herein and apportioned, transferred or set aside to the wife, and the wife's interest in and to the same shall be and is hereby divested out of the wife and vested solely and exclusively in the husband.

provision of the final decree of divorce. The court did not err in awarding any proceeds realized from the partition action to Wife.

CONCLUSION

We affirm the trial court. Costs of appeal are assessed against Ronald Van Jolley, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE